

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 2100 | DATE | 7/8/2003 |
| CASE TITLE | Debra A etc. et al. Vs. F. Kevin et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons above, defendants' motion to compel arbitration and to stay and abate litigation is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 0 9 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 23 |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 JUL -8 PM 3:51 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBRA A. and GERALD J. BUDNER; and )
MARIE ACKERMAN, individually and on )
behalf of all other similarly situated, )
)
Plaintiffs, )
)
vs. ) No. 03 C 2100
)
F. KEVIN and HANNAH MURNIGHAN; et al., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Debra A. Budner, Gerald Budner, and Marie Ackerman bring this purported class action alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), federal securities law, and state law. Defendants move to compel arbitration and stay litigation. For the following reasons, defendants' motion is granted.

## BACKGROUND

On December 28, 2000, plaintiff Marie Ackerman signed an application and agreement to become a distributor of defendant Wellness International Network, Ltd. (WIN). Plaintiffs Debra and Gerald Budner signed a similar agreement on May 11, 2002. Under the agreements, plaintiffs had the right to sell WIN products as independent contractors and agreed to purchase a "WIN System For Success" *(Cplt. exhs. 1A & 1B, ¶¶ 2, 4, 5)*. Plaintiffs allege that WIN and the other identified defendants are only nominally in the business of selling health and wellness products and that their true business consists of soliciting and recruiting investors under an illegal pyramid scheme.

Relevant to this motion, the distributor agreements state:

> 3. I HAVE READ THE WIN RULES & REGULATIONS AND I AGREE THAT THEY ARE INCORPORATED BY REFERENCE INTO THIS AGREEMENT IN PRESENT FORM AND THAT THEY ALSO MAY BE AMENDED BY WIN FROM TIME TO TIME. IN THE EXTENT THAT THERE ARE ANY CONFLICTS BETWEEN THIS AGREEMENT AND THE WIN RULES & REGULATIONS, THE WIN RULES & REGULATIONS SHALL GOVERN.
>
> ****
>
> 19. ANY DISPUTE OR CLAIM ARISING UNDER OR IN CONNECTION WITH THE AGREEMENT OR WITH RESPECT TO THE BUSINESS RELATIONSHIP ESTABLISHED BY THIS AGREEMENT SHALL BE RESOLVED EITHER BY BINDING ARBITRATION CONDUCTED IN ACCORDANCE WITH THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION OR BY A COURT OF COMPETENT JURISDICTION...AS SET FORTH IN THE WIN RULES AND REGULATIONS.

The WIN Rules and Regulations (WRR) provide:

> H-17 Arbitration; Venue; Governing Law.
>
> a. Arbitration Jurisdiction. Any dispute, controversy or claim arising under, out of, or in connection with the Rules & Regulations and/or Distributor Agreement, or the relationship between a distributor and WIN, including without limitation, any claim that these Rules & Regulations and/or Distributor Agreement, or any part thereof, is invalid, illegal, or otherwise voidable or void, shall be submitted to final and binding arbitration before, and in accordance with, the Commercial Rules of the American Arbitration Association, which arbitration shall be conducted in Dallas County, Texas, and judgment upon the award may be entered in any court having jurisdiction thereof...
>
> ****
>
> d. Governing Law. These Rules & Regulations, as well as the Distributor Agreement, shall be construed and enforced in accordance with the laws of the State of Texas, the United States of America, without regard to provisions governing conflicts of law.

*(WIN Mot. to compel, exib. C.)*

Defendants move to compel arbitration under the cited provisions.

## DISCUSSION

Under the Federal Arbitration Act, any issue subject to a valid arbitration agreement

should be referred to arbitration and courts should stay proceedings until that arbitration occurs. 9 U.S.C. § 3. Federal and Texas law both favor arbitration wherever possible.[1] *See generally* Shearson/American Express, Inc. v. McMahon, 482 U.S. 220 (1987); EZ Pawn Corp. v. Mancias, 934 S.W.2d 87 (Tex. 1996). Our task, then, is to determine first whether plaintiffs have signed a written agreement to arbitrate and second whether the plaintiffs' claims fall within that agreement.

Here we are presented with two differing arbitration clauses. The distributor agreements state that any conflicts shall be resolved through arbitration "or by a court of competent jurisdiction." The WRR state that all disputes "shall be submitted to final and binding arbitration before, and in accordance with, the Commercial Rules of the American Arbitration Association, which arbitration shall be conducted in Dallas County, Texas." As provided in the distributor agreements, if there is a conflict between the distributor agreements and the WRR, then the latter governs. Under the terms of the writings, then, plaintiffs are bound by the arbitration clause in the WRR.

Plaintiffs contest this reading of the agreements, asserting that the arbitration clause in the WRR is invalid and unenforceable. They first argue that they cannot be bound by terms that were not provided to them, alleging through affidavits that they did not receive the WRR until two weeks after signing the distributor agreements. Defendants have submitted competing evidence that provides that plaintiffs signed either renewal agreements or revised agreements after receiving the WRR. Regardless of whether plaintiffs reviewed the WRR before signing the distributor agreements, however, they agreed to be bound by the WRR's

---

[1] The parties appear to agree that the contracts here are governed by Texas law.

terms. If a party signs a contract that incorporates another document, then he is presumed to know the incorporation terms of the contract as well as the terms of the referenced document. Castroville Airport Inc. v. City of Castroville, 974 S.W.2d 207, 211-212 (Tex. App. 1998).

Plaintiffs next argue that WIN's unilateral power to amend the WRR invalidates the entire document and cite an unpublished opinion, In re C & H News Company, 2003 WL 131770 (Tex.App. 2003), to support their argument. The question underlying plaintiffs' argument is whether the disputed arbitration clause is unconscionable – whether the plaintiffs were "beguiled into a fundamentally outrageous contract that they now wish to avoid." Morrison v. Amway Corp., 49 F.Supp.2d 529, 534 (S.D.Tex. 1998). But there is nothing inherently unconscionable about one party having the bargaining power to create a contract provision under which it may unilaterally amend its rules and regulations. Dickey v. Club Corp. of America, 12 S.W.3d 172 (Tex. App. 2000). More significantly, it is far from outrageous for a party, regardless of his business savvy, to agree to go to arbitration rather than litigate. Id.[2]

Plaintiffs' final argument is that the arbitration clause is unenforceable because the parties did not have a meeting of the minds regarding its terms. Plaintiffs are correct that a contract is formed only if parties assent to the same thing at the same time. Solis v. Evins, 951 S.W.2d 44, 49 (Tex. App. 1997). But this is not a case in which there is a term understood differently by the parties or in which material terms were left for future agreement. Plaintiffs

---

[2] It is also notable that plaintiffs are not asserting that WIN actually amended the arbitration clause, but, rather, that their power to unilaterally amend it renders the whole document unenforceable. Since defendants are seeking enforcement of a provision of the WRR that was in effect at the time that plaintiffs signed their distributor agreements, it is less susceptible to plaintiffs' challenge that the clause is unfair.

do not argue that they had a different understanding of the distributor agreement provision, which incorporates the WRR. Their argument appears to be that they assumed that the arbitration clause in the WRR would have been the same as the arbitration clause in the distributor agreements. As discussed above, a party who signs a contract has the responsibility to know its terms as well as the terms of any incorporated document. *See* Castroville, *supra*. Since the claims here arise out of the distributor agreements and/or out of the business relationship between plaintiffs and WIN, we refer this matter to arbitration.[3]

## CONCLUSION

For the reasons above, defendants' motion to compel arbitration and to stay and abate litigation is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 8, 2003.

---

[3] Plaintiffs do not contest that the complaint falls within in the scope of the arbitration clause.